**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31394**
_____

**TERRANCE BAKER,**

**Plaintiff-Appellant,**

**versus**

**CONTINENTAL EAGLE CORPORATION,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
Civil Docket 98-CV-2198

_____

November 7, 2002

Before JONES, SMITH and SILER,[*] Circuit Judges.

PER CURIAM:[*]

The court has carefully considered appellant's position in light of the excellent oral arguments, briefs and pertinent portions of the record. Having done so we find no reversible error

---

[*]Circuit Judge of the 6th Circuit, sitting by designation.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of fact or law and affirm for essentially the reasons stated by the district court.

We review the district court's decision to apply the doctrine of issue preclusion de novo. <u>Stripling v. Jordan Production Co.</u>, 234 F.3d 863, 868 (5th Cir. 2000). We agree with the district court that this court's decision in <u>Davis v. Commercial Union, Ins. Co.</u>, 892 F.2d 378 (5th Cir. 1990), could not preclude Continental from litigating whether Baker was engaged in a reasonably anticipated use of the lint cleaner at the time of his injury. The enactment of the Louisiana Product Liability Act changed the standard of liability under Louisiana law. Thus, <u>Davis</u> cannot be accorded issue preclusive effect.

Furthermore, viewing the evidence as a whole there was a reasonable basis for the jury to conclude that Baker was not engaged in a reasonably anticipated use of the lint cleaner at the time of his injury. <u>See</u> <u>Baltazar v. Holmes</u>, 162 F.3d 368, 373 (5th Cir. 1998) (in review of jury verdict we view all of the evidence most favorable to the verdict). Additionally, the court did not abuse its discretion in excluding inadmissible hearsay testimony regarding certain previous accidents involving the lint cleaner or the testimony of the expert witness regarding the accident at issue in <u>Davis</u>.

The judgment of the district court is therefore **AFFIRMED**.